[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE APPORTIONMENT COMPLAINT
The issue in the case is whether the court in an action in negligence should grant a Motion to Strike that part of a Cross Claim in which the defendant seeks an apportionment of liability, pursuant to Connecticut General Statutes Section 52-572h(c), as to a person who is a party. In this action plaintiff Marleen Cullen, mother and next friend of minor Kevin Cullen alleges that on September 12, 1997 at about 7:27 a.m. she was the operator of and minor Kevin a passenger in her automobile which was traveling east bound on New Haven Avenue in Milford, Connecticut.
Plaintiff Marleen Cullen further alleges that defendant Henry Czajkowski, Jr. caused the motor vehicle which he was operating on the same day and time to collide into her vehicle, and that that collision caused injuries and damages to her and to minor son. Plaintiff Marleen Cullen alleges that the injuries and damages which she and minor Kevin were caused to suffer are due to the defendant's negligent operation of his motor vehicle.
The complaint is in two counts. The first count seeks money damages for the injuries and losses claimed by plaintiff Marleen Cullen. The second count seeks money damages for the injuries and losses claimed on behalf of minor Kevin. In addition to filing an Answer and Special Defenses the defendant has filed a Cross Claim. In his Cross Claim the defendant states that minor Kevin was a passenger in the vehicle operated by his mother, and that that vehicle collided with his vehicle due to her negligent driving, causing injuries and damages to minor Kevin. The defendant further alleges that because of Marleen Cullen's negligent operation of her vehicle, she may be liable in whole or part for the injuries and damages sustained by her son. The CT Page 4735 Cross Claim concludes with a request that liability be apportioned pursuant to Connecticut General Statutes Section52-572h(c).
Marleen Cullen has filed a Motion to Strike that part of the Cross Claim which seeks an apportionment. In her memorandum in support of the Motion to Strike she argues that Conn. Gen. Stat. Sec. 102b does not contemplate the filing of an apportionment complaint against someone who already is a party to an action in negligence. In support of her position she cites to the following statutory language:
 A defendant in a civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable . . . for a proportionate share of the plaintiff's damages. . . . (Emphsis added)
Conn. Gen. Stat. Sec. 52-102b(a).
A review of Sec. 52-102b in general discloses the following legislative directive: "[t]his section shall be the exclusive means by which a defendant may add a person who is or maybe liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action. Id. (f). "Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms. . . ." Johnson v. Manson, 196 Conn. 309, 315 (1985). This court finds that the aforesaid legislative construct does not contemplate the filing of an apportionment complaint against someone who is a party in the action.
For the foregoing reasons, the Motion to Strike is granted.
Clarance J. Jones, Judge