[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Marie Demosthene and her three children, Renald, Jonathan and Stanley, filed a complaint against the defendant, Erika Spignolio, on or about November 1, 2001, for personal injuries they allegedly sustained when the defendant's vehicle collided with the vehicle operated by Marie Demosthene. The minor plaintiffs were CT Page 9422 passengers. The defendant filed an answer and special defenses of statute of limitations and contributory negligence.
Approximately two weeks after such filing, the defendant served the plaintiff Marie Demosthene with an "apportionment complaint." This complaint repeats the allegations of contributory negligence against Marie Demosthene in the special defenses and claims that "any verdict or judgment in this matter reflects that proportionate share [of liability on the part of Marie Demosthene] pursuant to 52-102b[1] and52-572h.[2]"
Marie Demosthene has filed a motion (#108; Sh. Cal. 4/29/02, cal. 8, pos. 73) to strike the defendant's apportionment claim on the ground that General Statutes § 52-102b is the exclusive provision by which to apportion liability and the statute does not provide for apportionment complaints against persons already parties.
The majority of Superior Court decisions hold that General Statutes § 52-102b precludes a cross claim for apportionment against someone who is already a party to the action. See Lackard v. Vandecar, Superior Court, judicial district of Hartford, at Hartford, Docket No. CV 01 0806605 (January 7, 2002, Rittenband, J.T.R.); Rubbak v. Thompson, Superior Court, judicial district of Stamford/Norwalk, at Stamford, Docket No. CV 00 0180009, (April 6, 2001, Lewis, J.) (29 Conn.L.Rptr. 316);Apicelli v. Indian Nations, Superior Court, judicial district of New London at Norwich, Docket No. 119305 (December 11, 2000, Martin,J.); Cullen v. Czaikowski, Superior Court, judicial district of New Haven at New Haven, Docket No. 417339 (April 12, 1999, Jones, J.) (24 Conn. L. Rptr. 357);Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn L. Rptr. 100). There are cases to the contrary. An example is Torres v.Begic, Superior Court, judicial district of New Haven, Docket No. 423742 (June 13, 2000, Levin J.) (27 Conn.L.Rptr. 403), where the court took the opposing view and held that General Statutes § 52-102b does not prevent a claim of apportionment against a party. See also Farmer v.Christianson, Superior Court at Rockville, Docket No. 00 71954 (May 4 2000, Sullivan, J.)
The defendant opposes the motion to strike because she contends that the three plaintiffs who were passengers but did not sue their mother, the host driver, would not have their damages reduced by contributory negligence, if any, on the part of their mother, Marie Demosthene, if their mother withdraws her action against the defendant without obtaining a release. This contention runs counter to General Statutes § 52-572h
provides that a defendant is liable only for that proportion of the damages for which he or she is responsible. In determining the extent of CT Page 9423 liability of the defendant to the plaintiffs, a defendant can have the negligence of all "parties" considered, including those defendants with whom the plaintiff has settled a claim and executed a release in favor of said person. Under the facts of this case with the existing parties, the trier can determine the percentages of negligence of both the defendant and the plaintiff driver.
The three plaintiffs who were passengers would recover "the percentage of their damages proximately caused by the negligence of the defendant, which would be the total damages less the percentage attributable to the negligence of their mother." Paproski v. Bennett, Superior Court, judicial district of Danbury, Docket No. 92-302173 (July 9, 1992,Fuller, J.) (7 Conn.L.Rptr. 46).
In Algea v. Barnett, supra, 20 Conn.L.Rptr. 101, the court granted the plaintiffs motion to strike the defendant's apportionment counterclaim because the proposed apportionment defendant was already a party to the action. The court also noted: "The defendant, however, is not left without a remedy. Since General Statutes [§ 52-572h (c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [the plaintiff driver] is a party, his percentage of negligence will be considered by the jury." (Citation omitted).
In the present case, Marie Demosthene, the plaintiff driver, is a party to the action, as are her children, the plaintiff passengers, against the defendant. The defendant did not allege any negligence on the part of the passengers. The defendant, however, is not without remedy as the provisions of General Statutes § 52-572h (c) ensure that the jury will consider Marie Demosthene's negligence.
This court is persuaded by the majority view that seeking apportionment of liability may not be filed against someone who is already a party to the action because the language of General Statutes § 52-102b is so explicit that apportionment is confined to "a person not a party to the action." In this case, the defendant has alleged the carelessness and negligence of Marie Demosthene in her special defense of contributory negligence and, therefore, this defendant is not without a procedural vehicle by which to raise this issue of the plaintiffs culpability. Moreover, the plaintiff's percentage of negligence will be reflected in the amount of the verdicts for her children, the passengers.
If the plaintiff Marie Demosthene, for some reason, should withdraw her case against the defendant without obtaining a release, she would no longer be a party to this action thereafter. However, the defendant could then file an apportionment complaint against her as a non-party pursuant CT Page 9424 to General Statutes § 52-102b, and the percentage of her negligence, if any, would be reflected in the amount of the verdicts obtained by her passengers. The defendant cites Donner v. Kearse, 234 Conn. 660, 672-73,662 A.2d 1269 (1995), contending that the court "refused to apportion the Plaintiff driver's negligence/responsibility to reduce the damages of the Plaintiff passenger because no apportionment claim had been asserted against the plaintiff driver." That case, however, involved the plaintiff driver withdrawing his claims against the defendant drivers. He was thereafter no longer a party, whereas the plaintiff driver in this case remains a plaintiff. "If a defendant wished to broaden the universe of negligence to be considered in any given case, the legislature placed the burden upon him to implead that party in accordance with [§ 52-102b]." Id., 669-70.
Moreover, the Supreme Court in Donner noted that "this universe of negligent persons could also have been expanded, at the option of the defendant, by impleading Robert Donner [the driver] as a third party defendant. See General Statutes § 52-102. . . . The defendant, for reasons known only to him, did not do so." Id., 673. In other words, once Robert Donner was no longer a "party," he could have been impleaded as a third party defendant and his degree of liability would have been back in the case. In Donner, for some unknown reason, the defendant did not join Donner as a third party defendant. That option is certainly open to the defendant in this case if Marie Demosthene withdraws her action without getting a release from the defendant, thus leaving her children as the only plaintiffs.
Therefore, the plaintiffs motion to strike the defendant's apportionment claim is granted.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of July, 2002.
William B. Lewis, Judge Trial Referee.